**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **NALLELI ESQUIVEL** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  18-CV-189** |
| | § | |
| **PAUL YOUNG CHEVROLET, INC. d/b/a** | § | |
| **LAREDO FAMILY CHEVROLET** | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff NALLELI ESQUIVEL ("PLAINTIFF") respectfully submits this her Original Complaint against PAUL YOUNG CHEVROLET, INC. d/b/a LAREDO FAMILY CHEVROLET, and in support thereof would respectfully show unto the court the following:

A.   <u>Parties</u>

1.       Plaintiff NALLELI ESQUIVEL is an individual that is a citizen of the State of Texas and Webb County, Texas.

2.       PAUL YOUNG CHEVROLET, INC. d/b/a LAREDO FAMILY CHEVROLET ("PAUL YOUNG") is a for-profit entity formed under the laws of the State of Texas. PAUL YOUNG which may be served with citation and service of process by serving its registered agent, Paul Young Jr., at Highway 59 at Lake Casa Blanca Rd, Laredo, Texas 78041.  Service of said Defendant as described above can be affected by personal delivery.

B. <u>Jurisdiction</u>

3.     The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, as amended, seeks to redress gender

discrimination.

4.     The court has jurisdiction over this action by reason of 42 U.S.C. §2000e-5(f)(3) in that Plaintiff is bringing this lawsuit under Subchapter VI of Chapter 21 of Title 42.

5.     The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff's claims arise under Title 42 U.S.C. §1983, as she seeks to redress sexual harassment and/or gender discrimination.

6.     The court has jurisdiction over this action by reason of 28 U.S.C. §1331, in that Plaintiff's claims arise under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

7.     The court has jurisdiction over this action by reason of 28 U.S.C. §1343, in that Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, as amended, seeks to redress gender discrimination.

C. Venue

8.     Venue is also proper in this judicial district under 28 U.S.C. §1391(b)(1) because pursuant to 28 U.S.C. §1391(c)(2), Defendant is an entity which shall be deemed to reside in this judicial district.

9.     Venue is also proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.  Plaintiff was discriminated against and retaliated against in this judicial district.

10.     Venue is also proper in this judicial district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practices of sexual harassment and unlawful retaliation were committed in this district.

11.     Venue is also proper in this judicial district under 42 U.S.C. §2000e-5(f)(3) because the

employment records relevant to the alleged unlawful employment practice are maintained and administered in this district.

### E. Facts

12.   Plaintiff was employed with the Defendant in the Summer of 2017 as the Marketing Manager

13.   She started her employment in June/July.  .

14.   Plaintiff did not have any issues initially when working.

15.   She faithfully and dutifully performed her assigned tasks and responsibilities as the Marketing Manager.

16.   Soon after Plaintiff started her employment Mr. Oscar Urdiales started making unwelcomed advances upon the Plainiff.

17.   Mr. Oscar Urdriales was the General Sales Manager for the company and Plaintiff's immediate supervisor.

18.   Multiple unwelcome remarks and messages were send and mentioned to Plaintiff by Mr. Urdiales.  These comments made the Plaintiff very uncomfortable.  Plainiff is married and did not want any problems at home.  Mr. Urdiales did not care and kept moving forward with requests and conversations.

19.   Plaintiff on multiple occasions made Mr. Urdiales aware that she was uncomfortable and asked him to stop.

20.   Mr. Urdiales provided Plaintiff a company phone where he would send many provocative requests.  Mr. Urdiales also showed Plaintiff explicit videos of pornography of people her knew. This made Plaintiff even more uncomfortable.  She made him aware of this.

21.   He would continually request from her if she was wearing underwear and go as far as

3

asking her what she was wearing on her days off.

22.    Plaintiff became more resistant to his behavior.    She advised him that she was happily married on multiple occasions.

23.    Once Plaintiff took a harder stance on rejecting Mr. Urdiales' advancements, Mr. Urdiales started to treat her differently.  He proceeded to ask about having sexual relationship with him and his wife.

24.    Due to the situation she was facing in the workplace she advised she was unable to go in on a particular day.  She also advised Mr. Urdiales that she advised her husband of the situation.

25.    Upon advising of asking for the day off, he said to contact him in the afternoon or early evening.

26.    After Plaintiff advised Mr. Urdiales that her husband was aware he insinuated that she had to make a choice of family or work.

27.    After no attending work the day I advised him, he terminated me for "failing to show up to work."

28.    Plaintiff is a female employee protected under Title VII.

29.    Defendant is an employer within the meaning of Title VII.  Oscar Uridales was and is employed by Defendant at all times relevant to this matter.  Additionally, he is her direct supervisor.

30.

### D. Exhaustion of Administrative Remedies

31.    Plaintiff timely filed a charge of discrimination against Defendant Webb County, Texas with the Equal Employment Opportunity Commission ("EEOC").

32.    Plaintiff files this original complaint within 90 days after receiving a notice of the right to

sue from the EEOC.  A copy of the notice of the right to sue is attached as Exhibit A.

### F. Count 1 – Sexual Harassment Under Title VII

33.     Plaintiff incorporates all of the allegations made hereinabove.  Defendant intentionally discriminated against Plaintiff in violation of Title VII by subjecting her to quid pro quo sexual harassment.  Specifically, Oscar Uridales, employee for the Defendant, discriminated against by threatening her to pick her job or her family and to have sexual relations, thus retaliating for failing to comply.  Additionally, Plaintiff was eventually terminated for her refusal to give in to the requests.

34.     Defendant intentionally discriminated against Sara Jo in violation of Title VII by creating a sexually hostile work environment.  Mr. Urdiales conduct, as described in this original complaint, unreasonably interfered with Plaintiff's work performance.  Specifically, Mr. Urdiales essentially required Plaintiff to give into his requests as a condition of employment. There are other women that suffered the same sort of behavior.  This became known to Plaintiff after the fact.

35.     Defendant's intentional discrimination resulted in an adverse employment action against Plaintiff.  After Plaintiff asked Mr. Urdiales to stop, Uridiales terminated Plaintiff's employment causing her severe stress.

36.     Defendant did not exercise reasonable care to prevent and cure allegations of sexual harassment.  Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

37.     Defendant's wrongful conduct also violates the Texas Commission on Human Rights Act, the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, and is actionable under 42 U.S.C. §1983.

### G. Count 2—Retaliation

38.    Plaintiff incorporates all of the allegations made hereinabove.  Under Title 42 U.S.C. §2000e-3(a), it is an unlawful employment practice for an employer to discriminate against any of its employees because that employee has opposed any practice which constitutes sexual harassment, or because said employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

39.    Plaintiff's terms of employment were radically altered and she was asked to pick her family or her work.

### I. Damages

40.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

   a.    Plaintiff has been denied all possibilities of advancing as she has been stripped of all her authority, and has had her reputation, respect, and authority undermined by Plaintiff; and
   b.    Plaintiff has suffered mental anguish and emotional distress.
   c.    Loss Pay.

### J. Attorney Fees & Costs

41.    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

### K.  Jury Demand

42.    Plaintiff asserts her right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### L. Prayer

43.    For these reasons, Plaintiff asks for judgment against Defendant for the following:

   a.    Actual damages.

b.    Prejudgment and postjudgment interest.
c.    Reasonable attorney's fees.
d.    Costs of suit.
e.    All other relief the court deems appropriate.

Respectfully submitted,


By:  /s/ Guillermo G. del Barrio, Jr.
       **Guillermo G. del Barrio, Jr.**
       Texas Bar No.:  24049078
       Federal I.D. No.: 718280
       **DEL BARRIO LAW GROUP**
       6010 McPherson Rd. #120
       Laredo, Texas 78041
       Tel:  956-753-7636
       Fax:  956-753-8865
       memo@delbarriolaw.com
       **Attorney for Plaintiff**

7